**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | No. 16 C 5906 |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| **CHICAGO HOME CLEANING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

Plaintiffs, Laborers' Pension Fund and Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), by their attorneys, state:

1. On June 6, 2016, Plaintiffs filed a complaint under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times Defendant Chicago Home Cleaning, Inc. (the "Company") was bound by a collective bargaining agreement to make contributions to the Funds, to submit to an audit upon demand and to obtain and maintain a surety bond. In the Complaint, Plaintiffs specifically allegeD that Defendant failed to report and pay required contributions. Plaintiffs requested relief including submitting required reports and contributions, and producing books and records for an audit upon plaintiffs' request. (Dckt. #1.)

2. Service of the Complaint was effected as of June 20, 2016. (Dckt. #4.)

3. More than twenty days passed following service of the Summons Complaint, and on August 18, 2016 the Court granted Plaintiffs' motion for an order of default, and directing the

Company to submit to a complete payroll audit. (Dckt. ## 9, 10.)

4. Thereafter, *inter alia*, based on the Company's failure to timely comply with the Court's August 18, 2016 Order, orders to show cause were issued on November 5 and December 15, 2016 and May 25, 2017 (Dckt. ##14, 16, 17, 21); and orders for body attachments were issued on June 29, 2017 (Dckt. #22); August 29, 2017 (Dckt. ##26, 27); April 23, 2018 (Dckt. ##33, 34); and October 3, 2018 (Dckt. # 27).

5 Ultimately, the Company provided books and records to the Funds' auditors. As set forth in the Affidavit of the Funds' Field Representative, Michael Christopher, submitted contemporaneously herewith (Exhibit 1 hereto), the Fund's auditors from Legacy Professionals examined the books and records of the Company and prepared an audit report for the period from October 1, 2014 through September 30, 2018, showing that principal contributions are owed to the Welfare, Retiree Welfare, Pension, Training, LECET, LMCC, CAICA Funds and for Union dues in the total amount of $15,954.37.

5. The respective Agreements and Declarations of Trust of the Laborers Funds, to which this Company is bound require payment of liquidated damages in the amount of 20 percent of the principal for the Welfare, Retiree Welfare Pension and Training Funds and ten percent for Union dues and for the LMCC, CAICA and LECET Funds. Interest is owed at the rate of 12% on all delinquent amounts owed from the date of the delinquency forward. With respect to the audit report prepared (adding the Funds at the rate of 20% and the Union/ancillary funds at 10% penalty), liquidated damages are owed in the amount of $3,092.59, as well as $1,520.70 in accumulated liquidated damages, and $7,638.43 in accumulated interest.(Affidavit of Michael Christopher.)

6. Audit fees charged to the Funds for the preparation of this report were $1,394.70.

2

(Affidavit of Michael Christopher.)

7. Reasonable attorneys' fees and costs are established by an affidavit of Wesley Kennedy, plaintiffs' counsel. This affidavit reflects that based on hourly records the amount of $13,169.50 is owed to the Funds' for counsel's attorney's fees, and $1,350.90 to reimburse court costs, consisting of filing fees, service fees, and fees for body attachments. (Affidavit of Wesley Kennedy). Attorneys' fees are owed pursuant to ERISA, 29 U.S.C. § 1132(g)(2), and pursuant to the terms of the collective bargaining agreements and Trust Agreements.

8. The Company remains in default.[1]

**WHEREFORE,** Plaintiffs move for the entry of judgment against the Company, based on the proposed judgment order submitted herewith, in the total amount of $42,693.49.

Respectfully submitted,

By: /s/ Wesley Kennedy
Counsel for Plaintiffs

Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street Suite 2600
Chicago, IL 60604
(312) 364-9400
February 7, 2019

February 7, 2019

---

[1] Demand has been made based on the auditors' report at the reported address for the Company's principal and registered agent. That demand was returned as undeliverable. The present Motion has been served by mail directed to the same address. Entry of judgment is appropriate in light of that long-standing default.